IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ANDRES CEDIEL**,
556 Wildcat Canyon Rd.
Berkeley, CA 94708

      Plaintiff,

  v.

**UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES**,
Hubert H. Humphrey Building
200 Independence Avenue, SW
Washington, DC 20201

and

**THE ADMINISTRATION FOR CHILDREN AND FAMILIES**,
Mary E. Switzer Building
330 C Street, SW, Suite 4004
Washington, DC 20201

      Defendants.

Civil Action No. _____

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Andrés Cediel ("Plaintiff"), by and through undersigned counsel, hereby alleges as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or "Act"), for declaratory, injunctive, and other appropriate relief brought by journalist Andrés Cediel ("Plaintiff" or "Cediel") against the United States Department of Health & Human Services ("HHS") and its subdivision, the Administration for Children and Families ("ACF") (collectively, "Defendants").

2. By this action, Plaintiff seeks to compel Defendants to comply with their obligations under FOIA to release records Plaintiff requested in connection with his reporting.

1

Plaintiff is statutorily entitled to disclosure of the requested records, which Defendants have withheld in violation of the Act.

## PARTIES

3. Plaintiff Andrés Cediel is a documentary filmmaker, professor at UC Berkley's Graduate School of Journalism, and frequent contributor to the PBS program FRONTLINE.

4. Defendant United States Department of Health & Human Services is an agency within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody and/or control of the records that Plaintiff seeks. HHS's headquarters is located at 200 Independence Ave, SW, Washington, D.C. 20201.

5. Defendant the Administration for Children and Families, a division of HHS, is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody and/or control of the records that Plaintiff seeks. The ACF's headquarters is located at 330 C Street, SW, Washington, D.C. 20201.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTS

### Background

8. When unaccompanied minors enter the United States, HHS is responsible for overseeing their care and custody. *See, e.g.*, Press Release, Unaccompanied Children (UC) Program, ACF Press Off., at 1 (Apr. 1, 2024) https://perma.cc/U8BD-MRK4.

9.   In 2000, Congress passed the Trafficking Victims Protection Act ("TVPA") to address human trafficking prevention, prosecution, and protection of victims of trafficking. *See* 22 U.S.C. § 7102 (2021).

10.  Under the TVPA, a foreign national child victim of human trafficking is eligible for benefits and services to the same extent as a refugee upon a determination by HHS to issue an "Eligibility Letter."  *See* Certification for Child Victims of Human Trafficking, Office on Trafficking in Persons, U.S. Dept. of Health & Hum. Services, Doc no. OTIP-FS-16-02 (May 10, 2016), https://perma.cc/97UD-RGHJ.

11.  HHS has published the number of Eligibility Letters issued to children for 2001–2020.  *See* Certification and Eligibility Letters Issued, Office on Trafficking in Persons Data, U.S. Dept. of Health & Hum. Services (Nov. 30, 2021), https://perma.cc/L8LX-4XG2.

12.  However, HHS has not published the number of Eligibility Letters issued to children after 2020.  *See id.*

13.  Publicly available data published by HHS also fails to draw distinctions between migrant children trafficked within the United States and those trafficked within their home country. *See* Unaccompanied Children Program Data, U.S. Dept. of Health & Hum. Services (June 5, 2024), https://perma.cc/9BRU-NCN6.

14.  In or about 2019, Plaintiff co-reported, wrote, produced, and directed a documentary for FRONTLINE, in partnership with The Associated Press, titled "Kids Caught in the Crackdown," which explores federally funded shelters and details the impact on children held in United States custody.  *See Kids Caught in the Crackdown,* FRONTLINE (Nov. 12, 2019), https://www.pbs.org/wgbh/frontline/documentary/kids-caught-in-the-crackdown/.

15.  Plaintiff's FOIA request, described below, was made for newsgathering purposes in connection with a forthcoming documentary on children trafficked within the United States.

3

**Plaintiff's FOIA Request**

16. On April 22, 2024, Plaintiff submitted a FOIA request to the ACF via online portal (the "Request"). A true and correct copy of Plaintiff's Request is attached hereto as **Exhibit 1** and is incorporated by reference.

17. Plaintiff's Request sought a fee benefit as a representative of the news media under 5 U.S.C. § 552(a)(4)(A)(ii). Ex. 1.

18. Following submission of the Request, Defendants assigned it tracking number 2024-00871-FOIA-OS within HHS, and tracking number 24-F-0376 within the ACF. A true and correct copy of Defendants' acknowledgements of receipt of the Request are attached hereto as **Exhibits 2** and **3**, respectively.

19. On June 25, 2024, Plaintiff, through counsel, narrowed the scope of his Request to seek records reflecting:

> ● The number of minors who have been trafficked while in HHS custody for FY 2001 through the present FY, broken down by year and the specific detention center or group home location; and
>
> ● The number of minors who have been trafficked once placed in the custody of sponsors for FY 2001 through the present FY, broken down by year.

A true and correct copy of the email from Plaintiff's counsel narrowing Plaintiff's Request is attached hereto as **Exhibit 4** and is incorporated by reference.

20. That same day, Plaintiff's counsel also requested an updated date of completion for the Request as narrowed. *See* Ex. 4.

**Current Status of the Request**

21. As of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel has received a determination with respect to the Request.

4

22. As of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel has received any additional correspondence related to the Request.

23. As of filing of this Complaint, the Request has been pending for 105 days.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF FOIA FOR FAILURE TO COMPLY
### WITH STATUTORY DEADLINES
### (All Defendants)

24. Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs 1 through 23 as though fully set forth herein.

25. Defendants are agencies subject to FOIA. 5 U.S.C. §§ 552(f), 551.

26. The Request properly seeks records within the possession, custody, and/or control of Defendants under FOIA.

27. The Request complied with all applicable regulations regarding the submission of FOIA requests.

28. Defendants failed to make a timely determination regarding Plaintiff's Request, violating the statutory deadline imposed by FOIA. 5 U.S.C. § 552(a)(6)(A).

29. Plaintiff has and/or is deemed to have exhausted applicable administrative remedies with respect to the Request. 5 U.S.C. § 552(a)(6)(C)(i).

### COUNT II: VIOLATION OF FOIA FOR UNLAWFUL
### WITHHOLDING OF AGENCY RECORDS
### (All Defendants)

30. Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing paragraphs 1 through 23 as though fully set forth therein.

31. Defendants are agencies subject to FOIA. 5 U.S.C. §§ 552(f), 551.

32. The Request properly seeks records within the possession, custody, and/or control of Defendants under FOIA.

33. The Request complied with all applicable regulations regarding the submission of FOIA requests.

34. Defendants have not released any records or portions thereof in response to the Request.

35. Defendants have not cited any exemptions to withhold records or portions thereof that are responsive to the Request.

36. Defendants have not demonstrated that it is reasonably foreseeable that disclosure of the records sought by the Request would harm an interest protected by a FOIA exemption and/or why disclosure is prohibited by law. 5 U.S.C. § 552(a)(8).

37. Defendants have improperly withheld records responsive to the Request in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

38. Plaintiff has and/or is deemed to have exhausted applicable administrative remedies with respect to the Request. 5 U.S.C. § 552(a)(6)(A)(ii); *id*. § 552(a)(6)(C)(i).

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court:

(1) order Defendants to conduct a search reasonably calculated to identify all records responsive to the Request and to immediately disclose, in their entirety, all records responsive to the Request;

(2) issue a declaration that Plaintiff is entitled to disclosure of the requested records;

(3) enjoin Defendants from continuing to withhold any and all records or portions thereof responsive to the Request that are not exempt records from disclosure and/or that must be disclosed pursuant to 5 U.S.C. § 552(a)(8);

(4) award Plaintiff reasonable attorney fees and costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) grant such other relief as the Court may deem just and proper.

Dated: August 5, 2024

Respectfully submitted,

/s/ *Katie Townsend*
Katie Townsend
D.C. Bar No. 1026115
Email: ktownsend@rcfp.org
Adam A. Marshall
DC Bar No. 1029423
Email: amarshall@rcfp.org
Gunita Singh
D.C. Bar No. 1601923
Email: gsingh@rcfp.org
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Phone: 202.795.9303
Facsimile: 202.795.9310

*Counsel for Plaintiff*